a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MANUEL ALEXANDER ARIZMENDI-BURGOS #A078181263,** Plaintiff | **CIVIL DOCKET NO. 1:20-CV-00656 SEC P** |
| **VERSUS** | **JUDGE JOSEPH** |
| **DAVID COLE ET AL,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 15) filed by *pro se* Plaintiff Manuel Arizmendi-Burgos ("Arizmendi-Burgos") (A#078181263). At the time of filing, Arizmendi-Burgos was a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE"), detained at the Pine Prairie Ice Processing Center ("PPIPC") in Pine Prairie, Louisiana. ECF No. 1. Arizmendi-Burgos has since been deported. *See Arizmendi-Burgos v. Cole*, 1:20-CV-354 (W.D. La.), ECF No. 32-2.

Because Arizmendi-Burgos fails to state a claim for which relief can be granted, his Complaint (ECF No. 15) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Arizmendi-Burgos alleges that he was misclassified by ICE and subsequently attacked by other detainees or gang members in his housing unit at the LaSalle Ice

1

Processing Center ("LIPC") in Jena, Louisiana. Arizmendi-Burgos also alleges that he was denied proper medical care after the attack at LIPC and PPIPC. ECF No. 15.

Arizmendi-Burgos was ordered to amend his Complaint to allege how the conditions under which he was incarcerated posed a substantial risk of serious harm to his health or safety. He was ordered to state how each Defendant acted with deliberate indifference to that risk. ECF No. 21. With respect to his claim for the deprivation of medical care, Arizmendi-Burgos was ordered to state each date on which he requested medical care, what care he received, and what care was denied. Arizmendi-Burgos was also instructed to identify each individual that deprived him of medical care and plead what injuries, if any, he suffered as a result of the deprivation. ECF No. 21.

In response, Arizmendi-Burgos filed a document objecting to the Court's Order to amend his Complaint. However, he attached several exhibits that provide additional information regarding some of his claims. ECF No. 22

## II.  Law and Analysis

### A.  Arizmendi-Burgos's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

Because Arizmendi-Burgos is proceeding *in forma pauperis*, his Complaint is subject to screening under § 1915(e)(2), which provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B.   <u>Arizmendi-Burgos fails to state a claim under § 1983.</u>

Arizmendi-Burgos filed suit under § 1983. To state a claim under § 1983, a plaintiff must show that an alleged constitutional deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*

Arizmendi-Burgos names as Defendants ICE officials and unknown employees of GEO Group working at LIPC or PPIPC. (ECF Nos. 15, 22). The only potential state actor identified is a Jena Police Officer. Arizmendi-Burgos complains that the police officer failed to investigate his attack "even though it has all the components of Felony Assault, with Serious Bodily Injury." ECF No. 22 at 4. Arizmendi-Burgos demands an investigation leading to the prosecution of those involved. *Id.* However, there is no constitutional right to have a person investigated or criminally prosecuted. *See Green v. Revel*, 413 F. App'x 698, 700 (5th Cir. 2011); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). Arizmendi-Burgos's claim is meritless.

Other than local police, Arizmendi-Burgos does not identify any state actors as Defendants or allege unconstitutional conduct by Defendants that could be fairly

3

attributed to the state. *See Doe v. United States*, 831 F.3d 309 (5th Cir. 2016) (private detention facility was not a state actor, as required to establish § 1983 claim). He complains about ICE officials, but those are federal actors. Therefore, Arizmendi-Burgos fails to state a claim for which relief can be granted under § 1983.

C. Arizmendi-Burgos fails to state a claim under *Bivens.*

To the extent Arizmendi-Burgos intended to bring his claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), his claim would still be unsuccessful. A *Bivens* suit provides "a remedy against federal officers, acting under color of federal law, that [is] analogous to [a] section 1983 action against state officials." *Quinn v. Stokes*, 213 F.3d 636 (5th Cir. 2000) (per curiam) (citing *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980)). To state a *Bivens* claim, a plaintiff must allege that an individual acting under federal law deprived him of a constitutional right. *Bivens*, 403 U.S. at 395-97.

However, as Arizmendi-Burgos states, LIPC and PPIPC are private detention centers operated by GEO Group, Inc. ECF No. 15, 22; *see also* https://www.geogroup.com/Locations. *Bivens* does not apply to private prisons or private prison employees. *Minneci v. Pollard*, 565 U.S. 118 (2012) (prisoner cannot assert Eighth Amendment Bivens claim against private prison employees); *Corrections Services Corporation v. Malesko*, 534 U.S. 61 (2001) (*Bivens* does not apply to private corporate entities); *Eltayib v. Cornell Companies, Inc.*, No. 12-11100, 533 F. App'x 414 (5th Cir. 2013) (unpublished) (federal prisoner could not sue GEO

4

Group or its employees for damages under either § 1983 or *Bivens*). Therefore, even if Arizmendi-Burgos filed suit under *Bivens*, his claim would fail.

> D. Even if Arizmendi-Burgos could proceed under § 1983 or *Bivens* against an unidentified defendant, he would still fail to state a claim.
>
> i. Failure to Protect

Although officials have a constitutional duty to protect those incarcerated or detained from violence at the hands of fellow inmates, prison officials are not expected to prevent all violence between those incarcerated or detained. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 834 (1994). To establish a failure-to-protect claim under § 1983 against a prison official, a plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer*, 511 U.S. at 834); *see also Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (citing *Farmer*, 114 S.Ct. at 1977) ("The plaintiff prisoner must prove both that he is incarcerated under conditions 'posing a substantial risk of serious harm,' and that the prison official's state of mind is one of 'deliberate indifference' to the prisoner's health or safety.").

"Deliberate indifference" is a subjective standard that occurs only where a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837). "An official's failure to alleviate a significant risk that he should have perceived but

did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment. . . ." *Farmer*, 511 U.S. at 838.

Guards are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 384). A detainee may show that an official was subjectively aware of a risk to his safety by pointing to either direct evidence of the official's knowledge or circumstantial evidence that would show that the official must have known about the risk. *Adames*, 331 F.3d at 512. The officer must have the subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir. 1984). There must be an affirmative link between the incident and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375–77 (1976). And conclusory allegations are insufficient to state a cognizable claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Arizmendi-Burgos alleges that he was wrongfully classified by ICE as "high custody" resulting in him being housed with over 100 detainees that "appeared to be gang members." ECF No. 15 at 4. Arizmendi-Burgos was attacked by some of the other detainees, allegedly resulting in serious injuries. ECF No. 15 at 4. Arizmendi-Burgos claims that "GEO and ICE/DHS staff, both named and unnamed" showed "indifferent neglect" before and after the incident. ECF No. 15 at 4.

However, Arizmendi-Burgos's allegations and exhibits do not indicate that any official was subjectively aware of a risk to his safety. *See Adames*, 331 F.3d at 512.

6

Although Arizmendi-Burgos filed a classification appeal complaining that he had been misclassified as a high custody level, he did not indicate that he had been threatened or was at any greater risk to his safety because of his housing assignment. ECF No. 22-1 at 1. Arizmendi-Burgos informed Defendants that he disputed the classification only; he did not indicate that he was in grave danger. ECF No. 22-1 at 1. Although Arizmendi-Burgos alleges that he was "repeatedly harassed by the gang members," he did not present that claim in his classification appeal. ECF No. 22 at 3.

The response to the classification appeal indicates that Arizmendi-Burgos, like the other detainees with whom he was housed, had a conviction of a crime of violence. ECF No. 22-1 at 1, 2. Thus, according to his exhibits, Defendants classified Arizmendi-Burgos according to ICE's records, not as punishment or for the purpose of harming him. There is nothing to suggest that Arizmendi-Burgos was classified due to a "wanton or deliberate attitude" by Defendants toward his safety. *Luong v. Hatt*, 979 F.Supp. 481, 484–85 (N.D. Tex. 1997). The Complaint only contains conclusory allegations and inferences that any officer had a subjective intent to cause Arizmendi-Burgos any harm. *See Mace*, 333 F.3d at 626.

To the extent that Arizmendi-Burgos objects to his classification, his claim fails. There is no constitutional right to a particular custody classification, even if incorrect. *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

### ii. Medical Care

Arizmendi-Burgos alleges that his injuries "went untreated for months." ECF No. 22 at 3. Arizmendi-Burgos was ordered to state each date on which he requested medical care, what care he received, and what care was denied. He was also instructed to identify each Defendant that deprived him of medical care and what injuries, if any, he suffered as a result of the deprivation. ECF No. 21.

In response, Arizmendi-Burgos objected to the Court's Order stating that he was unable to provide the information because he does not have the medical records. ECF No. 22. However, if he was denied medical care, there would be no records, so the absence of same is irrelevant. And *pro se* plaintiffs regularly provide the Court with supportive facts based on their best recollection. Arizmendi-Burgos could have attempted to provide the requested information regarding medical care sought at PPIPC, even without knowing the names of every Defendant. He could have stated generally when he submitted sick calls, whether the request was granted or denied, whether he was examined or received any treatment, and whether he sought administrative review of any denial. He objected rather than attempting to give any information.

Although a *pro se* complaint is liberally construed, mere conclusory allegations will not prevent dismissal for failure to state a claim. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

To state a claim for the unconstitutional denial of medical care, a detainee must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). A disagreement with the course of treatment does not state a claim of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

It is clear that Arizmendi-Burgos received medical care at LPIC immediately following the attack and until he was transferred to PPIPC. ECF No. 22-1. According to his allegations and exhibits, Arizmendi-Burgos was transported to the hospital immediately after the assault. *Id.*

When he returned to LIPC, he was evaluated and examined by the Nurse Practitioner. The Nurse Practitioner reviewed the hospital records and noted that Arizmendi-Burgos had multiple abrasions and had received two sutures to his right eyebrow area. Urinalysis was within normal limits except for some red blood cells noted. ECF No. 22-1 at 5. CT scans of his brain, cervical spine, and facial bones were all negative. A chest x-ray showed no consolidation or effusion. *Id.* A right shoulder x-ray was negative for acute fracture or dislocation. There was mild osteoarthritis of right acromioclavicular joint. *Id.* Mild soft tissue edema was noted in the

9

superomedial aspect of right orbit and subtle mucosal thickening in the left maxillary sinus, representing chronic sinusitis. *Id.* He was prescribed Claritin, ibuprofen, and Bactrim. *Id.* A CT of the abdominal area and pelvis showed atelectas at the lung basis. *Id.* The spleen, stomach, pancreas, liver, gallbladder, adrenals, kidneys, uterus, and bladder were all normal. *Id.* Arizmendi-Burgos reported a pain level of 6 on a scale of 1-10. *Id.*

Arizmendi-Burgos was examined again one week later. ECF No. 22-1 at 6. It was noted that he experienced periodic headaches, but his wounds were healing, and the two stitches had been removed. ECF No. 22-1 at 6. He complained of scrotal pain, but no bulge or deformities were noted on physical examination. *Id.* Arizmendi-Burgos refused a hernia exam. *Id.* He reported no pain at the time. *Id.* Nonetheless, the Nurse Practitioner referred Arizmendi-Burgos for a scrotal ultrasound. ECF No. 22-1 at 10. Arizmendi-Burgos does not allege that the ultrasound showed any positive findings. Arizmendi-Burgos clearly fails to state a claim for the constitutional denial of medical care at JIPC.

Arizmendi-Burgos was transferred to PPIPC. On April 3, 2020, Arizmendi-Burgos submitted a request for his LIPC medical records. ECF No. 22-1 at 8. Arizmendi-Burgos complains that LIPC did not forward his medical records to PPIPC. He does not allege or explain why he believes his prior medical records were required for him to be examined at PPIPC. And he does not allege any instance when he requested, but was denied, medical evaluation or treatment. Without alleging any

10

facts of a deprivation or delay of medical care at PPIPC, Arizmendi-Burgos's claim is conclusory and fails to state a claim for which relief can be granted.

### III. Conclusion

Because Arizmendi-Burgos fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 15) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 25, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

11